United States District Court
For the Northern District of California

**E-Filed: December 17, 2014**

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

SANDRA NELSON,

    Plaintiff,

v.

CAROLYN W. COLVIN, Acting Commissioner of Social Security,

    Defendant.

No. C14-00609 HRL

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

**[Re: Docket No. 20]**

Sandra Nelson sues Carolyn W. Colvin, Acting Commissioner for Social Security, for employment discrimination. On November 4, 2014, Defendant filed a motion for summary judgment. Dkt. No. 20. Plaintiff filed an opposition and Defendant filed a reply. Dkt. Nos. 22, 23. All parties have expressly consented to having all matters proceed before a magistrate judge. Based on the moving and responding papers, the Court grants the motion for summary judgment.

## BACKGROUND

Plaintiff was born in 1954. Scharf Decl., Exh. A, at 1. Plaintiff began working at the Salinas Teleservice Center ("TSC") in 1975. *Id.*, Exh. B, at 1. From 2003 until her voluntary retirement in 2012, Plaintiff was a GS-11, Step 10 Information Technology ("IT") Specialist (Computer Systems Coordinator). Pl. Dep. at 24-25; Scharf Decl., Exh. B, at 1, Exh. D. Plaintiff's responsibilities included providing continuous maintenance, review, and evaluation of the TSC's computer and telecommunications systems. Scharf Decl., Exh. E, at 4.

**I.     CLASSIFICATION OF GS-11 IT SPECIALIST POSITION**

In 2005, Plaintiff emailed Debbie Pang, the Deputy Manager of the Salinas TSC, expressing concern that a GS-12 TSC Systems Specialist position advertised in the Richmond and Phoenix TSCs was identical to her GS-11 IT Specialist position. *Id.*, Exh. A, at 2, Exh. L. Pang responded that there were "no plans to announce . . . at this time" the GS-12 position at the Salinas TSC, and Plaintiff's position description could not be changed to a GS-12 level. *Id.*, Exh. L.

Plaintiff, along with two other GS-11 IT Specialists in the Salinas TSC, requested a desk audit of the position in March 2006. *Id.*, Exh. A, at 2. In a desk audit, the agency investigates the duties and responsibilities of a particular job to ensure it is properly classified. *Id.* Plaintiff and the other two IT Specialists declined to pursue the desk audit after Pang informed them that the position could be downgraded if the desk audit showed they were performing less complex tasks. *Id.*; Pl. Dep., at 32.

Plaintiff suspected that her coworker, Trish Perez, who allegedly performed the same job duties as Plaintiff under a different position title, received a promotion to GS-12. Scharf Decl., Exh. H, at 4. In fact, Perez served as a temporary GS-11 TSC Systems Specialist. *Id.*, Exh. M, at 2; Pl. Dep. at 91.

**II.    PLAINTIFF'S TEMPORARY PROMOTION TO GS-12 MANAGEMENT SUPPORT SPECIALIST**

Martha Tatum was the Salinas TSC Manager and Plaintiff's second-line supervisor. Scharf Decl., Exh. N, at 1. Tatum temporarily promoted Plaintiff to a GS-12 Management Support Specialist in September 2009. *Id.*, Exh. K, at 1; Pl. Dep. at 93. The temporary promotion was not to exceed one year. Scharf Decl., Exh. K, at 1. Tatum extended this temporary promotion for another year in September 2010. *Id.*; Pl. Dep. at 93-94. When Plaintiff first received the temporary promotion, she signed a "Temporary Promotion Statement of Understanding," which indicated that she understood that she could be returned to her permanent position at any time. Scharf Decl., Exh. K, at 3, Exh. O, at 1-2. The Statement of Understanding remained in effect after the extension of the temporary assignment in 2010. *Id.*, Exh. K, at 3, Exh. O, at 2.

In January 2011, Tatum notified Plaintiff of her decision to return Plaintiff to her permanent position as a GS-11 IT Specialist, effective February 2011. *Id.*, Exh. K, at 2, Exh. P. Tatum

2

1 explained that Plaintiff was being returned to her permanent position because of personnel and
2 operational needs in the Salinas TSC. *Id.*, Exh. K, at 2. Specifically, a permanent GS-12 supervisor
3 required a reassignment into the Management Support Specialist position because of a medical
4 condition. Tatum Dep. at 79; Scharf Decl., Exh. K, at 2; Pl. Dep. at 107. The reassignment also
5 allowed the Salinas TSC to reduce the number of supervisors in the regional TSCs, which was an
6 operational initiative. Scharf Decl., Exh. K, at 2; Tatum Dep. at 96-97.

### III. PLAINTIFF'S NON-SELECTION FOR THE 2012 REGIONAL TELESERVICE OPERATIONS DEVELOPMENT PROGRAM ASSOCIATE POSITION

The Regional Teleservice Operations ("RTO") Development Program included a temporary six-month position intended to provide TSC employees with the opportunity to develop targeted technical and leadership skills and broaden their knowledge of the agency's work. Scharf Decl., Exh. K, at 5, Exh. S, at 2. Ronald Jackson was the selecting official for the 2012 RTO Development Program. *Id.*, Exh. T, at 2; Tatum Dep. at 169. Jackson asked each TSC manager, including Tatum, to rank candidates in their respective offices on a grade basis. Scharf Decl., Exh. T, at 2; Tatum Dep. at 169-70.

Tatum met with the Deputy TSC Manager, Section Managers, and Staff Assistant in the Salinas TSC to prepare a prioritized list of eligible candidates. Scharf Decl., Exh. K, at 5; Tatum Dep. at 169-70. Of the five eligible candidates in the Salinas TSC for the GS-12 position, Plaintiff ranked number four. Scharf Decl., Exh. U, at 2. Plaintiff was given this ranking because she was an "average performer in the areas of interpersonal skills, quality of work, dependability, leadership potential, initiative, and job knowledge." *Id.* In addition, Plaintiff lacked the strong technical job knowledge required for the GS-12 position. *Id.*; Tatum Dep. at 28-30.

In March 2012, Jackson selected Corrine Baskins, a Claims Representative in the Salinas TSC, for the GS-12 position. Scharf Decl., Exh. X, at 3, Exh. Y, at 2; Tatum Dep. at 170. Baskins was highly recommended by her first and second-line supervisors. Scharf Decl., Exh. U, at 2; Tatum Dep., at 33, 170-71. Jackson was unaware of Plaintiff's age or previous EEO activity at the time of selection. Scharf Decl., Exh. T, at 2. In addition, Tatum did not know Baskins's age or

3

1  whether Baskins had any EEO activity when she sent her recommendation to Jackson. *Id.*, Exh. U,
2  at 2.

### IV. PLAINTIFF'S NON-SELECTION FOR THE 2012 SUPERVISORY CONTACT REPRESENTATIVE POSITION

In May 2012, the agency advertised a Supervisory Contact Representative ("SCR") position. *Id.*, Exh. BB, at 1. The SCR was expected to provide first-line supervision and technical direction to Teleservice Representatives ("TSR"), complete selected post-entitlement actions for the general public, monitor and adjust employee and workload schedules, and provide training and guidance in using the latest TSC technology. *Id.*, Exh. BB, at 2; Exh. CC, at 2.

Tatum was the selecting official for the SCR position. *Id.*, Exh. N, at 2. Tatum sought recommendations for eligible candidates from the Deputy TSC Manager, Section Managers, and Staff Assistant in the Salinas TSC. *Id.* at 3. Following the recommendation of the Salinas TSC managers, Tatum selected Fidel Garcia, a Technical Assistant ("TA") in the Salinas TSC. *Id.* Tatum selected Garcia because he had the skills required to fulfill this position's responsibilities, which included teaching a thirteen-week technical class. *Id.* at 4; Tatum Dep. at 42-43. Garcia stated in his application that he was responsible for training and mentoring new TAs and assisting TSRs in their communications with beneficiaries. Scharf Decl., Exh. EE, at 2-3; Tatum Dep. at 69-72. Garcia taught a nine-week technical class for new hires in 2004, which consisted of a Teleservice Basic Training Course and sixty days of on-the-job training and instruction. Scharf Decl., Exh. EE, at 5.

None of the managers recommended Plaintiff. *Id.*, Exh. N, at 3. Tatum did not select Plaintiff because she did not have the requisite technical programmatic knowledge. *Id.* at 4; Tatum Dep. at 171-72. Plaintiff had not taught an extended training program. Pl. Dep. at 146-47. She also did not train and mentor new TAs or assist TSRs in their communications with beneficiaries. Scharf Decl., Exh. EE, at 2-3; Tatum Dep. at 69-72.

### V. PLAINTIFF'S EEO ACTIVITY

In December 2011, Plaintiff sought Equal Employment Opportunity ("EEO") counseling regarding the comparability of the GS-12 TSC Systems Specialist and the GS-11 IT Specialist

1 positions. Scharf Decl., Exh. H, at 4. Plaintiff filed a formal complaint of discrimination with the
2 Equal Employment Opportunity Commission ("EEOC") in January 2012. *Id*., Exh. G, at 4-6. The
3 agency accepted for investigation all four issues set forth in the instant complaint: (1) the
4 misrepresentation of her position description at a lower pay grade level than Plaintiff believed her
5 position warranted; (2) the termination of her position as a GS-12 Management Support Specialist;
6 (3) Plaintiff's non-selection for the 2012 RTO Development Program; and (4) Plaintiff's non-
7 selection for the SCR position. *Id*., Exh. R, at 1, Exh. FF, at 1, Exh. AA, at 1.

    In May 2013, the agency filed a motion for summary judgment pursuant to 29 C.F.R. § 1614.109(g). *Id*., Exh. F. The Administrative Judge ("AJ") granted the motion, holding that Plaintiff did not proffer sufficient evidence that she was subjected to age discrimination or retaliation. *Id*., Exh. I, at 18. The AJ held that Plaintiff's first two claims were untimely. *Id*. at 14-15. In regards to the third and fourth claims, the AJ held that Plaintiff did not proffer sufficient evidence of pretext regarding the agency's articulated nondiscriminatory and non-retaliatory reasons for its actions. *Id*. at 17.

### VI. THE PRESENT ACTION

    In February 2014, Plaintiff filed the present action. Plaintiff alleges that Defendant violated the Age Discrimination Employment Act, 29 U.S.C. §§ 621 *et seq*. by subjecting her to four adverse employment actions on the basis of age discrimination and retaliation for her protected EEO activity. Plaintiff alleges that these four adverse employment actions are: (1) the misrepresentation of her position description at a lower pay grade level than Plaintiff believed her position warranted; (2) the termination of her position as a GS-12 Management Support Specialist; (3) Plaintiff's non-selection for the 2012 RTO Development Program; and (4) Plaintiff's non-selection for the SCR position. Plaintiff alleges that Tatum, for discriminatory and retaliatory reasons, prevented Plaintiff from being promoted to the GS-12 level in each of these four instances.

    Defendant moves for summary judgment on each of Plaintiff's four claims. Dkt. No. 20. Plaintiff filed an opposition and Defendant filed a reply. Dkt. Nos. 22, 23.

**LEGAL STANDARD**

**I.   SUMMARY JUDGMENT**

A motion for summary judgment should be granted if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986). The moving party bears the initial burden of informing the court of the basis for the motion, and identifying portions of the pleadings, depositions, answers to interrogatories, admissions, or affidavits which demonstrate the absence of a triable issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). In order to meet its burden, "the moving party must either produce evidence negating an essential element of the nonmoving party's claim or defense or show that the nonmoving party does not have enough evidence of an essential element to carry its ultimate burden of persuasion at trial." *Nissan Fire & Marine Ins. Co., Ltd. v. Fritz Co., Inc.*, 210 F.3d 1099, 1102 (9th Cir. 2000).

If the moving party meets its initial burden, the burden shifts to the non-moving party to produce evidence supporting its claims or defenses. *See id*. The non-moving party may not rest upon mere allegations or denials of the adverse party's evidence, but instead must produce admissible evidence that shows there is a genuine issue of material fact for trial. *See id*. A genuine issue of fact is one that could reasonably be resolved in favor of either party. A dispute is "material" only if it could affect the outcome of the suit under the governing law. *Anderson*, 477 U.S. at 248-49.

"When the nonmoving party has the burden of proof at trial, the moving party need only point out 'that there is an absence of evidence to support the nonmoving party's case.'" *Devereaux v. Abbey*, 263 F.3d 1070, 1076 (9th Cir. 2001) (quoting *Celotex Corp.*, 477 U.S. at 325). Once the moving party meets this burden, the nonmoving party may not rest upon mere allegations or denials, but must present evidence sufficient to demonstrate that there is a genuine issue for trial. *Id.*

**II.   AGE DISCRIMINATION EMPLOYMENT ACT**

The ADEA, 29 U.S.C. §§ 621 *et seq.*, protects federal employees over the age of 40 by making it unlawful for government employers to discriminate "because of [an] individual's age." *Shelley v. Geren*, 666 F.3d 599, 606-07 (9th Cir. 2012) (citing 29 U.S.C. §§ 631(a), 633a(a)). "To

prevail on a claim for age discrimination under the ADEA, a plaintiff must prove at trial that age was the 'but-for' cause of the employer's adverse action." *Id.* at 607.  "Unlike Title VII, the ADEA's text does not provide that a plaintiff may establish discrimination by showing that age was simply a motivating factor." *Gross v. FBL Fin. Servs., Inc.*, 557 U.S. 167, 174 (2009).

Disparate treatment claims under the ADEA are governed on summary judgment by the burden-shifting evidentiary framework of *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973). *Shelley*, 666 F.3d at 607.  Under this framework, the plaintiffs bear the initial burden to "establish a prima facie case of age discrimination." *Id.* at 608.  To establish a prima facie case, plaintiffs must show: "(1) that they are members of a protected class; (2) that they were qualified for their positions and performing their jobs satisfactorily; (3) that they experienced adverse employment actions; and (4) that similarly situated individuals outside [their] protected class were treated more favorably, or other circumstances surrounding the adverse employment action give rise to an inference of discrimination." *Hawn v. Executive Jet Mgmt., Inc.*, 615 F.3d 1151, 1156 (9th Cir. 2010) (internal quotation marks omitted).

"If the plaintiff establishes a prima facie case, the burden then shifts to the defendant to articulate a legitimate nondiscriminatory reason for its employment decision. Then, in order to prevail, the plaintiff must demonstrate that the employer's alleged reason for the adverse employment decision is a pretext for another motive which is discriminatory." *Wallis v. J.R. Simplot Co.*, 26 F.3d 885, 890 (9th Cir. 1994) (internal quotation marks omitted).

"[A] plaintiff cannot defeat summary judgment simply by making out a prima facie case. The plaintiff must do more than establish a prima facie case and deny the credibility of the defendant's witnesses.  In response to the defendant's offer of nondiscriminatory reasons, the plaintiff must produce specific, substantial evidence of pretext.  In other words, the plaintiff must tender a genuine issue of material fact as to pretext in order to avoid summary judgment." *Hsieh v. Stanford Univ.*, No. C09-05455 HRL, 2011 WL 1496337, at *3 (N.D. Cal. Apr. 20, 2011) (internal quotation marks and alterations omitted).

## III. RETALIATION

The ADEA prohibits federal employers from retaliating against employees who oppose discrimination. *See Gomez-Perez v. Potter*, 553 U.S. 474, 477 (2008). To establish a prima facie case of retaliation, a plaintiff must show that: (1) she engaged in a protected activity; and (2) but for the protected activity, she would not have suffered the adverse employment action. *Univ. of Tex. Sw. Med. Ctr. v. Nassar*, 133 S. Ct. 2517, 2533 (2013). The "but for" causal link "requires proof that the unlawful retaliation would not have occurred in the absence of the alleged wrongful action or actions of the employer." *Id.* "Adverse employment action" is defined as all conduct "reasonably likely to deter the charging party or others from engaging in a protected activity." *Poland v. Chertoff*, 494 F.3d 1174, 1180 (9th Cir. 2007).

## DISCUSSION

Defendant moves for summary judgment on each of Plaintiff's four claims. Each claim will be addressed in turn.

## I. CLAIM 1: CLASSIFICATION OF GS-11 IT SPECIALIST POSITION AND CLAIM 2: PLAINTIFF'S TEMPORARY PROMOTION TO GS-12 MANAGEMENT SUPPORT SPECIALIST

Under the ADEA, a federal employee must contact an EEO counselor within forty-five days of the allegedly discriminatory act. Alternatively, if the employee wishes to proceed with a civil action, the employee must file notice of his or her intention to pursue the action with the EEOC within 180 days of the allegedly discriminatory act. *See* 29 C.F.R. § 1614.105(a)(1); 29 U.S.C. § 633a(d). "Failure either to notify an EEO counselor or file a claim in a timely fashion bars a complaint filed in federal court, absent an adequate showing by the employee of waiver, estoppel or equitable tolling." *Ross v. Runyon*, 858 F. Supp. 630, 637 (S.D. Tex. 1994) (citing *Bickham v. Miller*, 584 F.2d 736, 738 (5th Cir. 1978)).

Here, Plaintiff did not seek EEO counseling until December 2011, approximately six years after she first developed concerns about her position description in 2005, and approximately ten months after the termination of her temporary promotion as a GS-12 Management Support Specialist became effective in February 2011. Scharf Decl., Exh. A, at 2-3; Exh. H, at 3-4. Plaintiff was aware of the statute of limitations under the ADEA. *See* Pl. Dep. at 71-72. She does not

produce any evidence that suggests that the deadline should be equitably tolled. *See* Pl. Opp. at 15. Accordingly, Plaintiff's first and second claims are time-barred.

Plaintiff characterizes her first claim as a continuing violation. However, this does not alter the fact that it is untimely. Each adverse employment action, such as termination and failure to promote, constitutes a "discrete" actionable employment action that "starts a new clock for filing charges alleging that act." *See Nat'l RR. Passenger Corp. v. Morgan*, 536 U.S. 101, 113-14 (2002). Plaintiff's concerns about her position description constituted a discrete act of alleged discrimination that required timely EEO contact. *See Wiggins v. Powell*, 2005 WL 555417, at *13-16 (D. D.C. Mar. 7, 2005).

Accordingly, Defendant's motion for summary judgment on the first and second claims is granted.

## II. CLAIM 3: PLAINTIFF'S NON-SELECTION FOR THE RTO DEVELOPMENT PROGRAM ASSOCIATE POSITION

Plaintiff has failed to establish a prima facie case of age discrimination or retaliation in regards to her non-selection for the RTO Development Program. Plaintiff proffers no evidence demonstrating that Plaintiff's age and EEO activity were the "but-for" cause of Jackson's non-selection of Plaintiff for the RTO position. Jackson was unaware of either Plaintiff's or the selectee's age and prior EEO activity at the time of selection. Scharf Decl., Exh. T, at 2; Pl. Dep. at 42, 127-28; Tatum Dep. at 169. Jackson independently received the recommendation from management and made the final selection for the program. Scharf Decl., Exh. T, at 2; Tatum Dep. at 169.

The agency articulated legitimate, non-discriminatory and non-retaliatory reasons for its non-selection of Plaintiff. Tatum Dep. at 37-38. Tatum and the other Salinas TSC management officials used a wide range of appropriate performance-related factors to evaluate the eligible candidates. *See* Scharf Decl., Exh. K, at 5. These management officials described Plaintiff as an "average performer in the areas of interpersonal skills, quality of work, dependability, leadership potential, initiative, and job knowledge." *Id.*, Exh. U, at 2. They determined that Plaintiff lacked the strong technical job knowledge required for the RTO position and ranked her fourth out of five

9

eligible candidates. *Id.*; Tatum Dep. at 33. Unlike the selectee, Plaintiff was not highly recommended by her first and second-line supervisors. Scharf Decl., Exh. U, at 2; Tatum Dep. at 34, 141-42, 171.

Even assuming Plaintiff had established a prima facie case, she has failed to offer sufficient evidence of pretext regarding the agency's articulated reasons for its action. Plaintiff could establish that the agency's articulated reasons were pretextual if her qualifications were "clearly superior" to the qualifications of the selected applicant. *See Road v. Fairbanks N. Star Borough Sch. Dist.*, 323 F.3d 1185, 1194 (9th Cir. 2003). Plaintiff asserts that she was "better qualified" than the selected applicant, Pl. Dep. at 129, but there is no evidence to support this contention. Plaintiff's supervisors state that Plaintiff did not possess the requisite qualifications, such as the capability to teach a thirteen-week technical course. Tatum Dep. at 53-55. Plaintiff admitted that she lacked personal knowledge as to how the selectee's qualifications compared to hers. Pl. Dep. at 130; Scharf Decl., Exh. Z, at 86. Plaintiff also admitted to lacking personal knowledge of the criteria the TSC management team used to evaluate eligible candidates. Pl. Dep. at 134.

Accordingly, Defendant's motion for summary judgment on the third claim is granted.

## III. CLAIM 4: PLAINTIFF'S NON-SELECTION FOR THE SCR POSITION

Plaintiff has failed to establish a prima facie case of age discrimination or retaliation in regards to her non-selection for the SCR position. Tatum did not select Plaintiff for the SCR position because she lacked the skills and job knowledge (the "technical programmatic knowledge") required for the position. Scharf Decl., Exh. N, at 4; Tatum Dep. at 30, 37-38, 42, 53-54. None of the members of the Salinas TSC management team recommended Plaintiff for this position. Scharf Decl., Exh. N, at 3. In contrast, Garcia possessed the required technical skills and was "highly recommended." *Id.*, Exh. N, at 4, Exh. EE, at 203; Tatum Dep. at 24, 43, 54.

Moreover, there is insufficient temporal proximity between Plaintiff's January 2012 EEO complaint and her June 2012 non-selection for the SCR position to support an inference of retaliatory motive. "The cases that accept mere temporal proximity between an employer's knowledge of protected activity and an adverse employment action as sufficient evidence of causality to establish a prima facie case uniformly hold that the temporal proximity must be very

close." *Clark Cnty. Sch. Dist. v. Breeden*, 532 U.S. 268, 273 (2001) (internal quotation marks omitted); *see also Richmond v. ONEOK, Inc*., 120 F.3d 205, 209 (10th Cir. 1997) (three-month period insufficient).

Even assuming Plaintiff had established a prima facie case, she has failed to offer sufficient evidence of pretext regarding the agency's articulated reasons for its action. Plaintiff has failed to establish that her qualifications were "clearly superior" to Garcia's. *See Raad*, 323 F.3d at 1194. Plaintiff's unsubstantiated belief that Garcia eventually requested a reassignment from the SCR position, Scharf Decl., Exh. Z at 96, does not constitute proof that her qualifications were "clearly superior" to his. Garcia, unlike Plaintiff, had experience teaching a nine-week technical class. *Id*., Exh. EE, at 5. Plaintiff admitted that she did not have comparable experience teaching a similar course. Pl. Dep. at 146-47.

Plaintiff argues that she had a "feeling that forces were conspiring behind the scenes to block her progress" and that she "was being unofficially blackballed by management." Opp. at 4-5. This subjective belief is insufficient to show pretext. *Steckl v. Motorola, Inc*., 703 F.2d 392, 393 (9th Cir. 1983). Even if Plaintiff has shown that Tatum and others did not like Plaintiff, workplace favoritism is not actionable under the anti-discrimination laws. *Coleman v. Quaker Oats Co*., 232 F.3d 1271, 1290 (9th Cir. 2000).

Accordingly, Defendant's motion for summary judgment on the fourth claim is granted.

## CONCLUSION

For the reasons stated above, Defendant's motion for summary judgment is granted.

**IT IS SO ORDERED.**

Dated: December 17, 2014

HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

11

**C14-00609 HRL** Notice will be electronically mailed to:

David L. Polin     davidlpolin@gmail.com

James A. Scharf     james.scharf@usdoj.gov, mimi.lam@usdoj.gov

**Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the court's CM/ECF program.**